UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEONARDO SIMPKINS,

    Petitioner,

v.                               Case No. 3:23cv24688-MCR-HTC

OFFICER FNU JONE, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Leonardo Simpkins, proceeding *pro se*, initiated this action on October 26, 2023, by filing a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Florida. Doc. 1. The case was transferred to this district on November 9, 2023, because the alleged events giving rise to the cause of action occurred here. ECF Doc. 3. The complaint was not accompanied by a motion to proceed *in forma pauperis* or the $402.00 filing fee. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is a three-striker barred from proceeding *in forma pauperis* who did not pay the filing fee and Plaintiff also failed to truthfully disclose his litigation history.

### I. THREE-STRIKER STATUS

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff admits his status as a three-striker and lists three cases he filed that were dismissed for failure to state a claim or as frivolous. *See* ECF Doc. 1 at 9

(citing *Simpkins v. Sec'y, Fla. Dep't Corr., et al.*, 3:14-cv-459-MMH-PDB, ECF Doc. 2 (M.D. Fla. Apr. 22, 2024) (failure to state a claim); *Simpkins v. Brown, et al.*, 3:17-7-MMH-JK, ECF Doc. 2 (M.D. Fla. Jan. 23, 2017) (same); *Simpkins v. Brandon, et al,* 3:17-cv-1385-HLA-MCR, ECF Doc. 4 (M.D. Fla. June 27, 2023) (recognizing Plaintiff is a three-striker and dismissing case pursuant to § 1915(g)). Given these cases, Plaintiff also knew he could not proceed without (1) paying the filing fee or (2) showing he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff's complaint, however, does not make that showing. From what the Court can decipher, Plaintiff complains of unwanted attention and jealousy based on his familial relation to a former college and NFL football player which resulted in Plaintiff being "jumped," "assaulted," "sprayed by pepper spray," "served poison/contaminated meals," and subjected to "Falsified Discipline reports." *Id.* at 5. Plaintiff also lists numerous transfers between correctional institutions, states he is "trying to get protection but being neglected and wrote falsified discipline reports on by officers," and argues that unnamed officers negligently put Plaintiff at excessive risk of harm by "allowing [him] to remain . . . on the compounds of D.O.C." where he "got assaulted and victimized." *Id.* at 6.

While Plaintiff states he is under imminent danger of serious physical harm, Doc. 1 at 1, Plaintiff's conclusory, vague, and speculative allegations simply do not

support such a finding. *See e.g., Cole v. Tifft,* No. 5:09CV260-RH/MD, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (allegations of imminent harm must be more than speculative or hypothetical). Plaintiff does not identify when these incidents occurred, at which institution, or who was involved. *Barbour v. Acting U.S. Treasure,* No. 3:10CV550 MCR MD, 2011 WL 780776, at *2 (N.D. Fla. Feb. 24, 2011) ("plaintiff does not provide any details of the threat he is facing, but rather inserts 'serious physical injury' into his allegations that his constitutional rights are being violated. Mere use of the phrase 'serious physical injury' is insufficient to satisfy the requirements of § 1915(g)."). Indeed, the allegations appear to relate to past, rather than present, harm. However, past harm is insufficient to meet the imminent-danger requirement. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Moreover, it is unclear who Plaintiff is suing because he identifies the Department of Corrections in the case style, names three individual defendants in the "parties" section of the complaint and identifies *no* defendants in the statement of facts. Regardless, two of the named Defendants do not even work at Plaintiff's current institution and, thus, any allegation of abuse as to those Defendants would not meet the imminent danger standard. *See id.*

Because Plaintiff's allegations do not show he is in imminent danger of serious physical injury at Walton CI, he is barred from proceeding *in forma pauperis*

and his complaint should be dismissed under § 1915(g) for failing to pay the filing fee with the initiation of this action. *See Dupree*, 284 F.3d at 1236.

## II.   FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form he submitted to the Court. That form specifically asked him to identify any prior federal cases he filed which (1) count as "strikes" or (2) either challenged Plaintiff's conviction or otherwise related to his conditions of confinement. *See* Doc. 1 at 8-11. Although Plaintiff disclosed three cases in the first category, he did not disclose several others. *See Simpkins v. Wissinger, et al.*, 5:23-cv-85-TPB-PRL, ECF Doc. 4 (M.D. Fla. Feb. 10, 2023) (recognizing Plaintiff is a three-striker and dismissing case pursuant to § 1915(g)); *Simpkins v. Brandon*, 3:17-cv-1376-HES-JBT, ECF Doc. 6 (M.D. Fla. Jan. 1, 2018) (failure to state a claim); and *Simpkins v. Andrews, et al.*, 3:17-cv-148-MMH-PDB, ECF Doc. 7 (M.D. Fla. Aug. 9, 2017) (frivolous), *report and recommendation adopted by id.*, ECF Doc. 9 (M.D. Fla. Sept. 6, 2017) (overruling objections). These cases bear Plaintiff's name and inmate number.

Nevertheless, Plaintiff signed the complaint "under penalty of perjury that all of the information above and included on or with this form, including my litigation history, is true and correct." *Id.* at 12-13. Plaintiff's averment that he disclosed all prior federal court cases which count as "strikes" is false. Plaintiff's failure to

disclose his prior cases is a malicious abuse of the judicial process which warrants dismissal.  *See, e.g.*, *Ealy v. CCA*, 5:15-cv-305-MMP-EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).  As recently stated in an order of dismissal for failure to disclose by one of this District's judges, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, ECF Doc. 52 at 1-2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker who failed to pay the $402.00 filing fee, as well as for being malicious based upon Plaintiff's failure to truthfully disclose his litigation history.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of November 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.